IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION ) | |
| ) | |
| JOHN T. RHODES and ) | |
| SONOKO RHODES, ) | |
| ) | Civil Action No. 20-366-MN-SRF |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| BOEING COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

## I.   INTRODUCTION

Presently before the court in this asbestos-related personal injury action are motions for summary judgment filed by defendants Pneumo Abex LLC ("Pneumo") (D.I. 99), Goodyear Tire & Rubber Company ("Goodyear") (D.I. 100), and Northrop Grumman Corporation (Northrop Grumman) (D.I. 102). Plaintiffs John T. Rhodes ("Mr. Rhodes") and Sonoko Rhodes ("Ms. Rhodes") (collectively, "Plaintiffs") did not respond to the motions.[1] For the reasons that follow, the court recommends GRANTING each of the three defendants' motions for summary judgment.

## II.   BACKGROUND

---

[1] Pneumo filed an opening brief in support of its motion for summary judgment on August 5, 2021. (D.I. 99) Goodyear and Northrop Grumman filed opening briefs in support of their motions for summary judgment on August 6, 2021. (D.I. 101; D.I. 103) Plaintiffs did not file answering briefs, which were due on or before August 19 and 20, 2021.

### a. Procedural History

On February 21, 2020, Plaintiffs originally filed this personal injury action against multiple defendants, asserting claims arising from Mr. Rhodes' alleged harmful exposure to asbestos. (D.I. 1, Ex. A) On March 16, 2020, defendant United Technologies Corporation removed the case to this court pursuant to 28 U.S.C. §§ 1442(a)(1), the federal officer removal statute,[2] and 1446. (D.I. 1) On August 5, 2021, Pneumo filed the present motion for summary judgment, to which Plaintiffs did not respond. (D.I. 99) On August 6, 2021, Goodyear and Northrop Grumman filed the present motions for summary judgment, to which Plaintiffs did not respond. (D.I. 100; D.I. 102)

### b. Facts

Mr. Rhodes served in the Navy for approximately 22 years, from December, 1962 to June, 1984. (D.I. 99, Ex. B at 13:1-3) After enlisting, Mr. Rhodes went to boot camp for three months in San Diego, California. (*Id.* at 13:4-10) In 1963, Mr. Rhodes was stationed in Alameda, California for approximately one year, where he worked as an E-2 and later E-3 Airman Apprentice in the tire, wheel assembly, and brake shop. (*Id.* at 13:11-24; D.I. 101, Ex. B at 132:22-25; D.I. 103, Ex. A at 208:3-4) From 1964 to 1968, Mr. Rhodes worked as an E-4 and later E-5 Navy Aircraft Mechanic at the Naval Air Facility in Okinawa, Japan. (D.I. 103, Ex. B at 21:10-25; Ex. A at 207:22-208:7) Mr. Rhodes was next stationed at the air base in Atsugi, Japan from 1968 to 1971, during which time he worked for three months in the brake shop as a Foreman, Second Class, E5, and thereafter worked on maintenance of stationed aircraft. (D.I.

---

[2] The federal officer removal statute permits removal of a state court action to federal court when, *inter alia*, such action is brought against "[t]he United States or an agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1).

101, Ex. B at 164:15-165:1; D.I. 103, Ex. B at 35:18-20) In 1971, Mr. Rhodes worked as an E-6 Aircraft Mechanic and was assigned to the A-6 Intruder Squadron at Naval Air Station in Whidbey Island, Washington. (D.I. 103, Ex. A at 208:12-14, 297:25-298:24) He remained stationed there until he retired from the Navy in 1984. (*Id.*)

Plaintiffs allege that Mr. Rhodes developed lung cancer and other asbestos-related diseases as a result of his exposure to asbestos-containing materials, including those provided by each of the moving Defendants, during his service in the United States Navy while stationed at Alameda Naval Base, Treasure Island Naval Base, Okinawa Transient Line, Atsugi Naval Air Station, and Whidbey Island Naval Base, and while onboard the *USS Kitty Hawk*, *USS America*, and *USS Lexington*. (D.I. 1, Ex. A at ¶¶ 16-19) Accordingly, Plaintiffs assert claims for negligence, willful and wanton conduct, strict liability, conspiracy, fraudulent, negligent, and intentional misrepresentation, loss of consortium, and punitive damages. (D.I. 1)

Mr. Rhodes was deposed on December 1 and 2, 2020. (D.I. 55; D.I. 56) Plaintiffs did not produce any other product identification witnesses for deposition.

### III. LEGAL STANDARD

#### a. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that could affect the outcome of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

The moving party bears the initial burden of proving the absence of a genuinely disputed material fact. *See Celotex*, 477 U.S. at 322. The burden then shifts to the nonmoving party to demonstrate the existence of a genuine issue for trial, and the court must view the evidence in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989); *Scott v. Harris*, 550 U.S. 372, 380 (2007). If a party fails to address another party's assertion of fact, the court may consider the fact undisputed, or grant summary judgment if the facts show that the movant is entitled to it. *See* Fed. R. Civ. P. 56(e)(2)-(3). A plaintiff's failure to respond "is not alone a sufficient basis for the entry of a summary judgment." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). Even where a party does not file a responsive submission to oppose the motion, the court must still find that the undisputed facts warrant judgment as a matter of law. *See Miller v. Ashcroft*, 76 F. App'x 457, 462 (3d Cir. 2003) (citing Fed. R. Civ. P. 56; *Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993)). In other words, the court must still determine whether the unopposed motion for summary judgment "has been properly made and supported." *Williams v. Murray, Inc.*, 2014 WL 3783878, at *2 (D.N.J. July 31, 2014) (quoting *Muskett v. Certegy Check Servs., Inc.*, 2010 WL 2710555, at *3 (D.N.J. July 6, 2010)).

### b. Washington Law

The parties agree that Washington law applies to the instant motions. (D.I. 94) A plaintiff in an asbestos case must establish a "reasonable connection between the injury, the product causing the injury, and the manufacturer of that product." *Lockwood v. AC & S, Inc.*, 744 P.2d 605, 612 (Wash. 1987) (citing *Martin v. Abbott Labs.*, 102 Wash. 2d 581, 590 (1984)). Washington law requires the plaintiff to establish that exposure to asbestos from a particular

product was a "substantial factor" in causing the plaintiff's injuries. *See Barabin v. Albany Intern. Corp.*, 2009 WL 2578967, at *5-6 (W.D. Wash. Aug. 18, 2009); *Barabin v. AstenJohnson, Inc.*, 2010 WL 11613472, at *2-3 (W.D. Wash. Dec. 10, 2010). In determining substantial factor causation, courts consider:

> ...the evidence of plaintiff's proximity to the asbestos product when the exposure occurred and the expanse of the work site where asbestos fibers were released. They should also take into account the extent of time that the plaintiff was exposed to the product.... Courts should also consider the types of asbestos products to which the plaintiff was exposed and the ways in which such products were handled and used .... In addition, trial courts must consider the evidence presented as to medical causation of the plaintiff's particular disease.

*Id.* at 613. *See also Estate of Brandes v. Brand Insulations, Inc.*, 2017 WL 325702, at *5 (Wash. Ct. App. Jan. 23, 2017); *Morgan v. Aurora Pump Co.*, 248 P.3d 1052, 1057 (Wash. 2011).

## IV. DISCUSSION

### a. Pneumo Abex LLC

The court recommends granting Pneumo's motion for summary judgment because there is no genuine issue of material fact in dispute as to whether a Pneumo product was a substantial factor in causing Mr. Rhodes' injuries. Plaintiffs did not identify any asbestos-containing Pneumo products or exposure to any Pneumo products. (D.I. 99, Ex. A-B) The lack of evidence in the record on product identification and nexus supports dismissal of the claims against Pneumo as a matter of law.

### b. Goodyear Tire & Rubber Company

The court recommends granting Goodyear's motion for summary judgment because there is no genuine issue of material fact in dispute as to whether a Goodyear product was a substantial factor in causing Mr. Rhodes' injuries. Evidence that a defendant supplied asbestos-containing products to a particular worksite, without additional evidence that the product to which the

plaintiff was exposed contained asbestos, is insufficient to survive a motion for summary judgment. *See In re Asbestos Litig.*, 2011 WL 676163, at *2 (Del. Super. Feb. 16, 2011) (applying Washington law); *See also Hautala v. Cutler Hammer, Inc.*, 134 Wash. App. 1059, at *1-2 (Wash. Ct. App. 2006); *See also In re Asbestos Litig. (James)*, 2011 WL 676163 (Del. Super. Ct. Feb. 16, 2011) (applying Washington law and holding summary judgment appropriate where plaintiff offers no evidence relating to the use of asbestos-containing products shipped to plaintiff's worksite).

Plaintiffs' claims against Goodyear are limited to Mr. Rhodes' work with aircraft brakes during his service in Alameda, California from 1963-1964. (D.I. 101, Ex. A at 13:11-18, 16:24-17:16, 26:15-17, 37:19-22, 49:13-17; Ex. B at 158:16-19, 164:11-165:11, 233:6-17) Mr. Rhodes recalls breathing in dust created from cleaning and replacing the brake and tire assemblies. (*Id.*, Ex. A at 16:5-10) He also recalls seeing the name "Goodyear" on the metal portion of the brake assemblies, but does not recall seeing the name "Goodyear" on the friction parts as those came in separate kits with only part numbers listed. (*Id.*, Ex. B at 134:21-135:18, 142:10-143:1, 176:3-11; 215:7-16) Mr. Rhodes testified that he did not remove brake assemblies from the aircraft and thus could not identify the specific aircrafts on which the Goodyear brake assemblies were used. (*Id.* at 130:11-20, 131:7-15) Further, he could not identify the types of brake assemblies or whether any of the brake assemblies contained asbestos. (*Id.* at 131:7-132:1, 136:16-137:2, 231:4-25) Goodyear acknowledges that its former subsidiary, Goodyear Aerospace Corporation ("GAC"), manufactured aircraft brake linings during the time period relevant to the instant case. (*Id.*, Ex. C at 2, 5) However, GAC manufactured brake assemblies for only a portion of those aircraft that Mr. Rhodes identified as being present at Alameda, and only some of those brake assemblies contained asbestos. (*Id.*)

Even if the court were to find that Mr. Rhodes worked with asbestos-containing Goodyear brake assemblies, his exposure does not exceed a *de minimis* standard under Washington law. In *Johansen v. Air & Liquid Sys. Corp.*, this court, applying Washington law, held that repair work on five automobile brake systems over three decades of automotive work was *de minimis* and granted the defendant's motion for summary judgment. *See Johansen v. Air & Liquid Sys. Corp.*, C.A. No. 17-452-MN-SRF, 2019 WL 330150, at *4 (D. Del. Jan. 25, 2019). Mr. Rhodes testified that Goodyear brake assemblies comprised about three to four percent of those that he worked on while in Alameda. (D.I. 101, Ex. B at 229:5-21) ("the majority of [the brake assemblies] were Bendix. I vaguely recollect working on some Goodyear, Cleveland, and BFGoodrich.") Moreover, he testified that his work on Goodyear brake assemblies consisted of only four to five brake repairs in the span of one year, and each brake repair lasted no longer than three hours. (*Id.* at 215:1-6, 230:14-231:3) Such alleged exposure is insufficient to satisfy substantial factor causation under Washington law. Therefore, the court recommends granting Goodyear's motion for summary judgment.[3]

### c. Northrop Grumman Corp.[4]

The court recommends granting Northrop Grumman's motion for summary judgment because there is no genuine issue of material fact in dispute as to whether a Northrop Grumman product was a substantial factor in causing Mr. Rhodes' injuries. Plaintiffs' claims against

---

[3] The recommendation of the court that summary judgment should be granted due to the lack of substantial factor causation makes it unnecessary to address Goodyear's motion relating to punitive damages and misrepresentation. (D.I. 101 at 11-12)

[4] Northrop Grumman also argues that the court could grant summary judgment in its favor because it is immune from liability pursuant to the government contractor defense and related derivative sovereign immunity. (D.I. 103 at 9-21) As explained, *infra*, the court recommends granting Northrop Grumman's motion on the grounds that Plaintiffs fail to establish a causal connection between injury, product, and manufacturer of that product. *See Lockwood*, 744 P.2d at 612. Thus, the court need not analyze the other grounds for summary judgment.

Northrop Grumman relate to Mr. Rhodes' alleged exposure to asbestos-containing products from working as an Aircraft Mechanic on HU-16, S-2, and A-6 Intruder Navy aircraft. (D.I. 103, Ex. B at 22:14-19, 36:5-24)  Mr. Rhodes claims he repaired these aircraft that he attributes to Northrop Grumman from 1964 until November of 1975, when he was promoted to "Chief" and ceased hands-on repairs. (*Id.*, Ex. A at 275:16-276:18, 280:11-19, 285:5-287:17, 290:11-291:1, 297:25-299:11)  Mr. Rhodes could not state whether any of the parts of the aircraft on which he performed maintenance, such as wheels, brakes, hydraulic cylinders or engines, were original to any of the three types of aircraft he identified. (D.I. 103, Ex. A at 277:1-278:24, 290:3-10, 306:22-307:1)  Mr. Rhodes did not identify any product allegedly attributable to Northrop Grumman which contained asbestos. (*Id.*)  Moreover, other than identifying Bendix as the manufacturer of all brake assemblies on A-6 Intruder aircraft, Mr. Rhodes was unable to identify the manufacturer of any brake linings, gaskets, or friction parts on any of the brakes on Northrop Grumman aircraft. (D.I. 101, Ex. B at 175:9-176:11)

Furthermore, Mr. Rhodes is precluded under Washington law from asserting claims that Northrop Grumman should be liable for replacement parts manufactured and sold by unrelated companies. *See Simonetta v. Viad Corp.*, 197 P.3d 127, 138 (Wash. 2008); *See also Braaten v. Saberhagen Holdings*, 198 P.3d 493, 504 (Wash. 2008) (holding that "a manufacturer has no duty under common law products liability or negligence principles to warn of the dangers of exposure to asbestos in products it did not manufacture and for which the manufacturer was not in the chain of distribution").  Accordingly, the court recommends granting Northrop Grumman's motion for summary judgment.

## V. CONCLUSION

For the foregoing reasons, the court recommends GRANTING Pneumo, Goodyear, and Northrop Grumman's unopposed motions for summary judgment. (D.I. 99; D.I. 100; D.I. 102)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: January 11, 2022

Sherry R. Fallon
United States Magistrate Judge